**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**TERRANCE LAMONT BELL,**

Defendant.

Case No. 19-CR-242 (SRN)

**ORDER**

---

Katharine Buzicky, UNITED STATES ATTORNEY'S OFFICE, 316 North Robert Street, Suite 404, Saint Paul, MN 55101, for the Government.

Terrance Lamont Bell, Reg. No. 17731-075, FEDERAL CORRECTIONAL COMPLEX, U.S.P. COLEMAN 1, P.O. Box 1033, Coleman, FL 33521, Pro Se.

---

This matter is before the Court on Defendant's Pro Se Motion to Vacate under 28 U.S.C. § 2255 (Doc. No. 50), and the Government's Motion to Dismiss Defendant's Motion to Vacate Sentence (Doc. No. 53). For the reasons set forth below, Defendant's Motion is **DENIED** as moot and as untimely, and the Government's Motion is **GRANTED**.

Mr. Bell pled guilty to bank robbery, in violation of 18 U.S.C. Section 2113(a), was sentenced to a term of imprisonment of 143 months, and judgment was entered by this Court on February 6, 2020 (Doc. No. 46). The gravamen of his motion to vacate his sentence is that he claims ineffective assistance of counsel and, specifically, that counsel did not seek a reduction in his sentence after Amendment 821 came into effect. After filing his motion to vacate, however, Mr. Bell did in fact file a motion to reduce his

sentence, pursuant to Amendment 821 (Doc. No. 63). His motion to reduce his sentence was denied (Doc. No. 67), because, although he would now receive only one status point under the Amended Guidelines, he continues to fall into Criminal History Category VI and, thus, there was no change to his applicable Guideline range. Accordingly, his motion to vacate, based on the failure to bring a motion for a sentence reduction is moot.

Moreover, Mr. Bell's motion is untimely. His motion was filed well beyond the one-year time limit set forth in 28 U.S.C. § 2255(f), and the Government has raised a statute of limitations defense in its motion to dismiss. Accordingly, the Court is precluded from considering the merits of his untimely claim. *United States v. Craycraft*, 167 F.3d 451 (8th Cir. 1999).

**Evidentiary Hearing**

A § 2255 motion may be dismissed without a hearing if: (1) the defendant's allegations, if accepted as true, would not entitle him to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions, rather than statements of fact. *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998). Moreover, where the record includes all of the information necessary for the court to rule on the motion, an evidentiary hearing is unnecessary. *Covey v. United States*, 377 F.3d 903, 909 (8th Cir. 2004) (citations omitted). The Court finds that Mr. Bell's allegations would not entitle him to relief even if accepted as true, and the record includes all the information for the Court to rule. Accordingly, no evidentiary hearing is required.

**Certificate of Appealability**

A § 2255 petitioner cannot appeal an adverse ruling on his petition unless a court issues a certificate of appealability. See 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1). A court may do so "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the substantive constitutional claims underlying a § 2255 petition have no merit, a court should not grant a certificate. *Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006).

For the reasons above, the Court finds that Mr. Bell has not made a substantial showing of the denial of any constitutional right. His claim lacks merit, so the Court will not grant a certificate of appealability.

Based upon the foregoing, and all the files, record, and proceedings herein, **IT IS HEREBY ORDERED that:**

1. Mr. Bell's Pro Se Motion to Vacate under 28 U.S.C. § 2255 (Doc. No. 50) is **DENIED**. (Civil Case: 0:26-CV-02651)
2. The Government's Motion to Dismiss Defendant's Motion to Vacate Sentence (Doc. No. 53) is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: Friday, October 30, 2026

*s/ Susan Richard Nelson*
Susan Richard Nelson
United States District Judge